ORIGINAL

Robert M. Adams  (RA 1631)
radams@phillipsnizer.com
**PHILLIPS NIZER LLP**
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700
Facsimile:  (212) 262-5152
*Attorneys for Plaintiff*
COURAGE CAPITAL MANAGEMENT, LLC

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 1 3 2011 ★

BROOKLYN OFFICE

CV 11 - 3355

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

COURAGE CAPITAL MANAGEMENT, LLC,       :  ECF CASE
                                       :
                         Plaintiff,    :  CASE No.          (   )(   )
                                       :
                  v.                   :
                                       :
COURAGE ASSET MANAGEMENT,              :  **COMPLAINT**
LLC,                                   :
                                       :
                        Defendants.    :
-------------------------------------------------------- x

SEYBERT. J

BOYLE. M.J.

COMES NOW Plaintiff, Courage Capital Management, LLC, and for its Complaint

against Defendant, Courage Asset Management, LLC, states the following:

## I.    THE PARTIES

1.  Plaintiff Courage Capital Management, LLC ("Plaintiff") is a Tennessee limited

liability company and has its principal place of business located at 4400 Harding Road, Suite 503,

Nashville, Tennessee 37205.

2.  Upon information and belief, Defendant Courage Asset Management, LLC,

("Defendant") is a New York limited liability company and has a principal place of business

located at 187 Middleneck Road, Sands Point, New York 11050.

1149418.1

## II.    JURISDICTION AND VENUE

3.  This is an action against Defendant for trademark infringement, false designation of origin and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125.

4.  This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 as it involves trademark law under the Lanham Act; under 28 U.S.C. § 1338(a) as it involves federal trademark law; under 28 U.S.C. § 1338(b) as it involves unfair competition related to a claim under the trademark laws; under 28 U.S.C. § 1331 as it involves a federal question; and under 28 U.S.C. § 1367(a) for the claims that arise under New York law because they are substantially related to the claims that arise under the laws of the United States.  Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

5.  Upon information and belief, this Court has personal jurisdiction over Defendant based upon Defendant's substantial contacts with and transaction of business in New York and within this District.

6.  Venue is proper in this District under 28 U.S.C. § 1391.

## III.    THE CONTROVERSY

7.  Plaintiff is in the business of providing financial management, investment advisory, portfolio management, and financial consulting services (hereinafter "investment services") and other related services throughout the United States.

- 2 -

1149418.1

8. Since at least as early as 2000, Plaintiff has been continuously offering and providing its investment services under its mark COURAGE (hereinafter "Plaintiff's COURAGE Mark"). On May 22, 2000, Plaintiff filed a federal application to register its COURAGE Mark as a service mark for its investment services including: investment advice, investment of funds for others and mutual funds. The United States Patent and Trademark Office granted Plaintiff a federal service mark registration for Plaintiff's COURAGE Mark on June 4, 2002. (A copy of Plaintiff's U.S. Registration No. 2,576,664 is attached as **Exhibit A**).

9. Since at least as early as 2005, Plaintiff has been continuously offering and providing its investment services under its mark COURAGE (and Design) mark (hereinafter "Plaintiff's COURAGE (and Design) Mark"). On March 17, 2006, Plaintiff filed a federal application to register its COURAGE (and Design) Mark as a service mark for investment services including: investment advice and management, investment of funds for others and mutual funds. The United States Patent and Trademark Office granted Plaintiff a federal service mark registration for Plaintiff's COURAGE (and Design) Mark on May 22, 2007. (A copy of Plaintiff's U.S. Registration No. 3,244,301 is attached as **Exhibit B**). Plaintiff's COURAGE Mark and COURAGE (and Design) Mark are collectively referred to as "Plaintiff's COURAGE Marks."

10. As a result of the long and exclusive use by Plaintiff of its COURAGE Marks and the long-standing offering and providing of investment services under the COURAGE Marks, the COURAGE Marks have become, through widespread and favorable public acceptance and recognition, exclusive assets of substantial value as symbols of Plaintiff, its quality services, and its good will.

- 3 -

11. Due to Plaintiff's use, the trade and purchasing public has come to know and recognize Plaintiff's COURAGE Marks as a designation identifying Plaintiff as the source of investment services. Accordingly, Plaintiff's COURAGE Marks have developed and represent valuable good will which rightfully belongs exclusively to Plaintiff.

12. Plaintiff has been using Plaintiff's federally registered COURAGE Marks in a prominent and distinctive manner in interstate commerce so as to distinguish the source of its services from those of others.

13. Plaintiff's long and uninterrupted use of its COURAGE Marks has resulted in Plaintiff acquiring common law rights in its COURAGE Marks.

14. Plaintiff's federally registered COURAGE Marks are in full force and effect, unrevoked and uncancelled.

15. Plaintiff's COURAGE Mark has attained incontestable status under 15 U.S.C. § 1065.

16. Upon information and belief, Defendant has commenced advertising, offering and/or selling financial and investment services under the name "COURAGE" (hereinafter "Infringing COURAGE name") which is confusingly similar to Plaintiff's COURAGE Mark.

17. Upon information and belief, Defendant has advertised its services under its Infringing COURAGE name to residents of New York and/or has offered its services throughout New York and likely other states.

1149418.1

18. At the present time, Plaintiff's COURAGE investment services and Defendant's Infringing COURAGE services are confusingly similar and are offered in direct competition with each other.

19. Defendant's Infringing COURAGE name is confusingly similar to Plaintiff's well-known and federally registered COURAGE Mark in sound, appearance and meaning, and is being used in connection with investment services that travel in and are promoted through the same channels of trade for sale to, and use by, the same class of purchasers for Plaintiff's investment services offered under Plaintiff's COURAGE Mark.

20. Defendant's use of the Infringing COURAGE name is likely to cause confusion or mistake or to deceive the purchasing public as to the origin, affiliation, connection, or association of Defendant with Plaintiff, or as to the sponsorship or approval of Defendant's services or commercial activity by Plaintiff.

21. Defendant knew or should have known of Plaintiff's prior use of its COURAGE Marks in the investment services industry before it entered the market.

22. As a result, on March 18, 2011, Plaintiff sent a cease and desist letter to Defendant regarding its infringement of Plaintiff's COURAGE Mark. (A copy of the letter is attached as **Exhibit C**).

23. In May 2011, counsel for Defendant responded to the Plaintiff's cease and desist letter but unfortunately did not agree to cease and desist infringing upon Plaintiff's COURAGE Mark.

1149418.1

## COUNT I

## INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED COURAGE MARK

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) as if fully set forth herein.

25. Defendant has infringed Plaintiff's federally registered COURAGE Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, offering, promotion, and advertising of financial and investment services under the Infringing COURAGE name that is confusingly similar to Plaintiff's federally registered COURAGE Mark.

26. Defendant's use of the Infringing COURAGE name for financial and investment services is without Plaintiff's permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public.

27. Defendant's use of the Infringing COURAGE name has been made notwithstanding Plaintiff's well-known and prior established rights in its COURAGE Mark.

28. Defendant's conduct constitutes infringement of Plaintiff's federally registered COURAGE Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Defendant's infringing conduct has been and continues to be deliberate and willful and committed with the intent to cause confusion and mistake in the marketplace and to deceive the public.

30. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's

1149418.1

business, reputation and good will in its federally registered COURAGE Mark, for which Plaintiff has no adequate remedy at law.

31. Plaintiff is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1117 and 1118, including preliminary and permanent injunctive relief, damages, Defendant's profits, treble damages, costs and reasonable attorneys' fees.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. The unauthorized use in commerce by Defendant of the Infringing COURAGE name for its financial and investment services falsely designates the origin or association of Defendant's services as being with Plaintiff and falsely describes the services produced by Defendant as having the qualities of Plaintiff's services.  Such use is intended to cause and inevitably will cause confusion or mistake or to deceive the consuming public into believing that there exists an affiliation, connection or association between Defendant and Plaintiff as to the origin, sponsorship, or approval of Defendant's services and constitutes unfair competition, false designation of origin and false description in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

34. By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, and, unless Defendant is restrained from

- 7 -

continuing its wrongful acts, the damage to Plaintiff will be increased. Plaintiff has no adequate remedy at law.

35. Defendant's infringing conduct has been deliberate and willful and Plaintiff is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1117 and 1118, including preliminary and permanent injunctive relief, damages, Defendant's profits, treble damages, costs and reasonable attorneys' fees.

**COUNT III**

**COMMON LAW TRADEMARK INFRINGEMENT**

36. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. This count arises under the New York common law of trademark infringement.

38. Plaintiff is the owner of the common law service mark COURAGE which is well known, distinctive and recognized as denoting high-quality services to the purchasing public throughout the United States. Due to such reputation and public awareness, Plaintiff has established valuable good will in connection with its common law COURAGE Mark.

39. Defendant's adoption and use of the Infringing COURAGE name in New York, which is confusingly similar to Plaintiff's common law COURAGE Mark, is likely to cause confusion or mistake and has and will deceive the public into associating Defendant's services with Plaintiff.

40. These acts constitute common law service mark infringement for which Plaintiff has no adequate remedy at law.

1149418.1

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through forty (40) as if fully set forth herein.

42. This count arises under the New York common law of unfair competition.

43. The adoption and use by Defendant in New York of the Infringing COURAGE name constitute unlawful appropriation of Plaintiff's exclusive rights in and to its COURAGE Mark and such unauthorized use has caused and is causing damage and irreparable injury to Plaintiff.

44. The foregoing acts by Defendant constitute unfair competition and infringement of Plaintiff's common law rights for which Plaintiff has no adequate remedy at law.

**WHEREFORE, Plaintiff requests a judgment as follows:**

1. That Defendant, its officers, agents, servants, employees, suppliers, customers, attorneys, and those persons in active concert or participation with Defendant be preliminary and permanently enjoined and restrained:

        a.    from using the Infringing COURAGE name, or any other designation, name, brand, service mark or trademark confusingly similar to Plaintiff's COURAGE Mark for Defendant's financial or investment consulting services and all related services;

        b.    from using the Infringing COURAGE name, or any other designation, name, brand, service mark or trademark confusingly similar to Plaintiff's COURAGE Mark in connection with financial or investment consulting services and all related services that do not emanate from or originate with Plaintiff;

        c.    from otherwise infringing upon Plaintiff's rights in and to its COURAGE Mark and from otherwise unfairly competing with Plaintiff in any manner whatsoever; and

- 9 -

    d.    from producing, advertising, promoting, offering for sale and selling Defendant's financial or investment consulting services and all related services under Defendant's Infringing COURAGE name or any other designation confusingly similar to Plaintiff's COURAGE Mark.

2. That Defendant be ordered to deliver up for destruction its documents, signs, forms, advertisements, business cards, labels, letterheads and other representations and means for reproducing the same or any printed material bearing Defendant's Infringing COURAGE name, or any designation or mark confusingly similar to Plaintiff's COURAGE Mark and to obliterate, destroy or remove all other uses or marks confusingly similar to Plaintiff's COURAGE Mark.

3. That Defendant be directed to file with the Court and serve on Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

4. That the Court require Defendant to notify its commercial licensees, dealers, associates, suppliers and customers of said Court Order.

5. That the Court adjudge and decree that Defendant's use of its Infringing COURAGE name is in violation of 15 U.S.C. § 1114, serves to designate falsely the origin of Defendant's products and services and constitutes unfair competition in violation of 15 U.S.C. § 1125, and constitutes trademark infringement and unfair competition at common law.

6. That the Court require a full and complete accounting of all monies received by the Defendant as a result of the wrongful offering and providing of services under the Infringing COURAGE name, together with an order transferring to Plaintiff any amounts found to be due to Defendant.

1149418.1

7. That Plaintiff be awarded Defendant's profits or Plaintiff's damages after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117 and common law.

8. That Plaintiff have and recover its costs and attorneys' fees from Defendant including as provided by 15 U.S.C. § 1117 and common law.

9. That the Court award interest on all monies found to be due to Plaintiff from Defendant, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due.

10. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

**PHILLIPS NIZER LLP**

Dated: New York, New York
      July 12, 2010

By: _____
      Robert M. Adams
      666 Fifth Avenue
      New York, New York 10103
      (212) 977-9700
      Facsimile: (212) 262-5152
      *Attorneys for Plaintiff*
      COURAGE CAPITAL
      MANAGEMENT, LLC

OF COUNSEL:

Adam Baldridge (TN 23488)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
165 Madison Avenue
2000 First Tennessee Building
Memphis, Tennessee 38103
(901) 526-2000
Facsimile: (901) 577-0838
abaldridge@bakerdonelson.com

ATTORNEYS FOR COURAGE
CAPITAL MANAGEMENT, LLC

- 12 -

**Exhibit A**

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 2,576,664

Registered June 4, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

## COURAGE

COURAGE CAPITAL MANAGEMENT, LLC (TENNESSEE LIMITED LIABILITY COMPANY)
4440 HARDING ROAD
NASHVILLE, TN 37205

FOR: INVESTMENT ADVICE, INVESTMENT OF FUNDS FOR OTHERS AND MUTUAL FUNDS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-8-2000; IN COMMERCE 10-31-2000.

SN 76-056,402, FILED 5-22-2000.

LEIGH CAROLINE CASE, EXAMINING ATTORNEY

Exhibit B

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 3,244,301

United States Patent and Trademark Office

Registered May 22, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



COURAGE CAPITAL MANAGEMENT, LLC (TENNESSEE LTD LIAB CO)
4400 HARDING ROAD
NASHVILLE, TN 37206

FOR: INVESTMENT ADVICE AND MANAGEMENT, INVESTMENT OF FUNDS FOR OTHERS AND MUTUAL FUNDS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-31-2005; IN COMMERCE 1-31-2005.

OWNER OF U.S. REG. NOS. 2,576,664 AND 2,660,271.

SER. NO. 78-840,536, FILED 3-17-2006.

JOANNA DUKOVCIC, EXAMINING ATTORNEY

Exhibit C



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

COMMERCE CENTER
SUITE 800
211 COMMERCE STREET
NASHVILLE, TENNESSEE 37201
PHONE: 615.726.5600
FAX: 615.726.0464
MAILING ADDRESS:
P.O. BOX 190613
NASHVILLE, TENNESSEE 37219
www.bakerdonelson.com

JILLIAN M. SUWANSKI
Direct Dial: 615.726.5558
Direct Fax: 615.744.5558
E-Mail Address: jsuwanski@bakerdonelson.com

March 18, 2011

Courage Asset Management, LLC
President
187 Middleneck Road
Sands Point, New York 11050

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Re:    Infringement of Courage Capital Management, LLC's COURAGE Trademark

Dear Sir or Madam:

Our firm represents Courage Capital Management, LLC ("Courage Capital") in its intellectual property matters. It has recently come to Courage Capital's attention that Courage Asset Management, LLC ("Courage Asset Management") has been using the mark COURAGE ASSET MANAGEMENT for financial management and consulting services.

Courage Capital has used its COURAGE mark for financial services, including investment advisory and portfolio management services, since at least as early as October 31, 2000, and has obtained federal trademark registrations for several of its marks. I have enclosed copies of two of Courage Capital's federal trademark registrations for the marks COURAGE and COURAGE (and Design) for your reference. Courage Capital enjoys valuable goodwill attached to its marks, including the mark COURAGE, as an indicator of the source of its services. That goodwill is important to our client, and it is equally important that Courage Capital not permit a use of the mark or name by others in such a way as to cause a likelihood of confusion as to sponsorship by or affiliation with Courage Capital's services.

Your use of the mark COURAGE ASSET MANAGEMENT is deceptive and is likely to confuse the relevant public into believing that Courage Asset Management is in some way affiliated with or sponsored by Courage Capital. Your use of the mark is also an infringement of Courage Capital's proprietary rights in its marks and is a violation of both federal and state laws.

**We therefore demand that Courage Asset Management cease and desist any further use of the term COURAGE to advertise its financial management and consulting services. We further demand that Courage Asset Management take the following actions: change the name of Courage Asset Management to remove reference to the term "Courage"; remove the term "Courage" from all advertising collateral, letterhead and any other documents that are or could be seen by clients or the public; remove or refrain**

N JMS3 815838 v1
2826123-000015 03/18/2011

ALABAMA · GEORGIA · LOUISIANA · MISSISSIPPI · TENNESSEE · WASHINGTON, D.C.

President
Courage Asset Management, LLC
March 18, 2011
Page 2

**from including the word "Courage" on any website; and cease the use of or refrain from purchasing any domain name containing the word "Courage."**

Your prompt acknowledgment of and compliance with the demands made herein are important in order to resolve this matter without the necessity of formal proceedings or the expenses associated therewith, for which you may be held liable under the applicable provisions of federal and state laws.

Please provide me with your written assurances of your willingness to comply immediately with the above requests within ten (10) days of the date of this letter. Otherwise, Courage Capital will be advised to pursue its remedies for monetary and injunctive relief. If you wish to discuss these matters, please contact me.

Sincerely yours,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

Jillian M. Suwanski

Encl.

cc:     Courage Capital Management, LLC
        Tonya M. Grindon, Esq.

N JMS3 815838 v1
2826123-000015 03/18/2011

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 2,576,664
Registered June 4, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

# COURAGE

COURAGE CAPITAL MANAGEMENT, LLC (TENNESSEE LIMITED LIABILITY COMPANY)
4440 HARDING ROAD
NASHVILLE, TN 37205

FOR: INVESTMENT ADVICE, INVESTMENT OF FUNDS FOR OTHERS AND MUTUAL FUNDS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-8-2000; IN COMMERCE 10-31-2000.

SN 76-056,402, FILED 5-22-2000.

LEIGH CAROLINE CASE, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,244,301

Registered May 22, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



COURAGE CAPITAL MANAGEMENT, LLC (TENNESSEE LTD LIAB CO)
4400 HARDING ROAD
NASHVILLE, TN 37206

FOR: INVESTMENT ADVICE AND MANAGE-MENT, INVESTMENT OF FUNDS FOR OTHERS AND MUTUAL FUNDS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-31-2005; IN COMMERCE 1-31-2005.

OWNER OF U.S. REG. NOS. 2,576,664 AND 2,660,271.

SER. NO. 78-840,536, FILED 3-17-2006.

JOANNA DUKOVCIC, EXAMINING ATTORNEY